IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FPK SERVICES LLC D/B/A
HEALTHLABS.COM, FIYYAZ PIRANI,
MAHVISH LINARES, AND TRAVIS DAVIS

   Plaintiffs,

vs.

JOHN DOES 1-10,

   Defendants.

**PLAINTIFFS FPK SERVICES LLC D/B/A HEALTHLABS.COM, FIYYAZ PIRANI, MAHVISH LINARES, AND TRAVIS DAVIS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

  Plaintiffs FPK Services LLC d/b/a HealthLabs.com, Fiyyaz Pirani, Mahvish Linares, and Travis Davis (collectively, "Plaintiffs") make the following allegations against Defendants John Does 1-10 (collectively, "Doe Defendants"):

**PARTIES**

  1. Plaintiff FPK Services LLC d/b/a HealthLabs.com ("HealthLabs.com") is a limited liability company organized under the laws of the State of Texas. HealthLabs.com's principal place of business is located at 11150 S. Wilcrest Dr., Suite 200, Houston, Texas 77099-4343.

  2. Plaintiff Fiyyaz Pirani is the Chief Executive Officer, Manager, and Director of HealthLabs.com. Pirani is a resident of Houston, Texas.

  3. Plaintiff Mahvish Linares is the Contact Center Training Coordinator for HealthLabs.com. Linares is a resident of Houston, Texas.

4. Plaintiff Travis Davis is the Director of Client Experience for HealthLabs.com. Davis is a resident of Houston, Texas.

5. The true name, identity, and capacity of Defendant John Doe 1 ("Doe 1") is currently unknown. Therefore, Plaintiffs bring this action against Doe 1 under such fictitious name. Upon information and belief, it appears that Doe 1 is the individual or entity that owns, controls, or utilizes the phone number (281) 789-8236 and the email addresses torresaaron1030@gmail.com and (2) babyaaronbaws@icloud.com. Upon information and belief, further details obtained in discovery from third-party service providers, such as TextNow, Inc., Google LLC, and Apple Inc., will lead to the full identification of Doe 1. Plaintiffs will amend their Complaint to state the true name, identity, and capacity of Doe 1 when the identity is ascertained through the discovery process.

6. The true names, identities, and capacities of Defendants John Does 2-10 are currently unknown. Therefore, Plaintiffs bring this action against Doe Defendants under such fictitious names. Plaintiffs will amend their Complaint to state the true names, identities, and capacities of Doe Defendants when the identities are ascertained through the discovery process. Plaintiffs are informed and believe, and thereon allege, that each of Doe Defendants are responsible in the manner herein alleged or in some other manner for the subject occurrences. Plaintiffs further allege that their damages, as herein alleged, were proximately caused by Doe Defendants' intentional conduct.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action alleges violations of federal statute, including the Computer Fraud and Abuse

Act (18 U.S.C. § 1030 *et seq.*). The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District. Among other acts, Doe Defendants intentionally used Plaintiffs' confidential and private information to submit abusive, threatening, and harassing text communications to Plaintiffs, all of whom were located in this District at the time of the communications on August 1, 2020. Further, on at least one occasion, it is believed that Doe Defendants surveilled the headquarters of HealthLabs.com, which are located within this District, in furtherance of submitting abusive, threatening, and harassing text communications to Plaintiffs. Upon information and belief, Doe Defendants submitted the abusive, threatening, and harassing text communications to Plaintiffs in this District while surveilling HealthLabs.com's headquarters. Additionally, the Houston Police Department responded to Doe Defendants' surveillance of HealthLabs.com's headquarters and Doe Defendants' abusive, threatening, and harassing text communications in this District.

9. Moreover, for all of these reasons, this Court has personal jurisdiction over Doe Defendants.

## BACKGROUND

**A.     HealthLabs.com**

10. HealthLabs.com is an e-commerce business that offers its customers affordable lab testing via its online platform. HealthLabs.com is a convenient option for those who are without health insurance, who have high deductibles, or who want to maintain confidentiality.

11. HealthLabs.com works with lab and clinician networks across the country who provide the testing and prescriptive orders for each test and, when appropriate, any necessary

follow-up care. Following the test, lab results are reported to the customer through HealthLabs.com's secure online portal.

12. HealthLabs.com's headquarters is located at 11150 S. Wilcrest Drive, Suite 200, Houston, Texas 77099-4343.

**B.  Doe 1's Abusive, Threatening, and Harassing Conduct**

(i)  Doe 1's Text Messages

13. On August 1, 2020, Pirani, Linares and Davis each received abusive, threatening, and harassing text communications from Doe 1.

14. Pirani received the first threatening message at 7:01 am. Subsequently, Linares received the next threatening message at 7:27 am. Immediately afterwards, Davis received the same threatening message at 7:28 am. Screenshots of the harassing messages are included below. The threatening messages sent to Linares and Davis were the same as the initial text received by Pirani, except that the messages contained the phrase "fiy yaz" (a phonetic spelling of Pirani's first name) at the end of the text:

[TEXT CONTINUES ON NEXT PAGE]

**PIRANI'S TEXT MESSAGE**



4812-7142-8304.1

**LINARES' TEXT MESSAGE**



4812-7142-8304.1

**DAVIS' TEXT MESSAGE**



15. The threats were perceived as reasonably credible by Plaintiffs, particularly given the accuracy of the statement that three cars were in the parking lot of HealthLabs.com's headquarters at the time that the communications were submitted to Plaintiffs.

16. Pirani called the Houston Police Department to report the threats. In response, officers with the Houston Police Department escorted all employees of HealthLabs.com to their cars, ensuring all employees safely exited the building. At the conclusion of their visit, the Houston Police Department provided Pirani with a notation of their visit, including that Doe 1's threats amounted to a "threat to life."



(ii) HealthLabs.com Maintains the Privacy of its Employees' Phone Numbers

17. Doe 1 texted each of the Plaintiffs on their personal cellular phones. While Pirani's cellular phone number is publically available, Davis' and Linares' cellular phone numbers are not. Further, Davis' and Linares' identities, at least in respects to their roles and titles at HealthLabs.com, are not publicly available. Upon information and belief, Doe 1 breached

HealthLabs.com's computer systems in order to access the identities and cellular phone numbers of Davis and Linares, and potentially other information relating to Plaintiffs as well.

18. But not for Doe Defendants' breach of HealthLabs.com's servers, Doe Defendants would not have known that Pirani, Linares and Davis were all employees of HealthLabs.com or of their strategic positions within the company. Neither Davis nor Linares have public LinkedIn accounts, and HealthLabs.com does not list its management or employees names on any of its websites. All HealthLabs.com employees are required to use assigned avatars (pseudonyms and photos) when interacting with members of the public through HealthLabs.com's portal. Moreover, Doe Defendants would not have had access to Linares' or Davis' personal cellular phone numbers. Further, only high-ranking members of HealthLabs.com's management team were sent the threatening communications.

    (iii)    Doe 1's Subsequent Email Communications

19. Subsequently, on or about September 3, 2020, HealthLabs.com was made aware of another instance of threatening conduct. Specifically, on August 15, 2020, HealthLabs.com received two "tickets" through HealthLabs.com's third-party ticketing system, Zendesk Inc. The tickets stated, "You have 30 minutes to live." The tickets were submitted using two different email addresses: (1) torresaaron1030@gmail.com and (2) babyaaronbaws@icloud.com. Neither of the email addresses were found in any of HealthLabs.com's customer databases or records. This is the first time that HealthLabs.com has received a ticket containing a threat of this nature. Given the close proximity in time between the submission of the threatening text messages and threatening tickets, Plaintiffs believe the threatening tickets are part of Doe Defendants' pattern of intentional and willful abusive, threatening, and harassing conduct.

**C.     Doe 1's Unauthorized Activities**

20.     Doe 1 is the individual or entity that owns or controls the phone number (281) 789-8236.

21.     Upon information and belief, Doe 1's identity is not readily discernable because Doe 1 used the application, "TextNow," to mask Doe 1's true phone number.

22.     Upon information and belief, TextNow is a Voice over IP ("VoIP Service") that routes calls through the data connection of the user's device, not through the cellular connection of the user's existing cell phone plan. When a user first signs up for TextNow, the user enters an area code from the US or Canada, and TextNow assigns the user a number from an available pool of numbers from within that area code.

23.     Section 21 of TextNow's Terms of Use/Service Agreement states, in relevant part, that its users "agree that You will not use the Services to post, transmit, make available, submit or otherwise communicate any Content that: (i) is harmful or obscene; (ii) is defamatory, slanderous, libelous, harassing or abusive other otherwise harasses or advocates harassment of another person; (iii) contains nudity, pornography, excessive violence, or offensive subject matter or contains a link to an adult website; [or] (iv) constitutes or promotes information that You know is false or misleading or promotes illegal activities or conduct that is abusive, threatening, defamatory or libelous…."

24.     Further, Section 23 states, in relevant part, that "Any use or misuse of the Services in a manner that violates Sections 20, 21 or 22 of this Agreement or that is otherwise disruptive, damaging, unlawful, offensive or intrusive as determined by TextNow, in its sole discretion, shall be a breach of the terms of this Agreement, which shall result in TextNow terminating this Agreement (and Your Account) in accordance with Section 40.b below."

25. Doe 1's submission of abusive, threatening, and harassing text communications to Plaintiffs on August 1, 2020, constituted knowing, intentional, willful, malicious, and fraudulent conduct that, among other things, was a direct violation of the TextNow Terms of Use/Service Agreement.

## COUNT ONE
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

26. Plaintiffs re-allege and incorporate the allegations stated in Paragraphs 1-25 by reference as if fully restated herein.

27. HealthLabs.com's computers, servers, and data storage facilities are involved in interstate and foreign commerce and communication, and are "protected computers," as defined under 18 U.S.C. § 1030(e)(2).

28. Upon information and belief, Doe Defendants knowingly and intentionally accessed, and continue to access, HealthLabs.com's computers, servers, and/or data storage facilities without authorization or in excess of any authorization.

29. Upon information and belief, Doe Defendants knowingly, willfully, and with an intent to defraud accessed HealthLabs.com's computers, servers, and/or data storage facilities without authorization or in excess of any authorization.

30. Upon information and belief, Doe Defendants' unlawful and unauthorized access and other wrongful conduct continues to this day.

31. Doe Defendants' conduct is for the purpose of commercial advantage or private financial gain and has caused a loss to Plaintiffs during a one-year period in excess of $5,000. These losses will continue to increase over time.

32. Doe Defendants' conduct was also committed in furtherance of tortious acts in violation of Texas law.

33. Plaintiffs have been and continue to be damaged by Doe Defendants' wrongful and actionable conduct, including by being forced to expend resources to investigate Doe Defendants' abusive, threatening, and harassing text communications. Plaintiffs seek compensatory and other equitable relief under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

34. Plaintiffs have suffered irreparable and incalculable harm and injuries resulting from Doe Defendants' conduct, which harm will continue unless Doe Defendants are enjoined from further unauthorized use of Plaintiffs' protected computers, servers, and/or data storage facilities. Plaintiffs have no adequate remedy at law.

## COUNT TWO
## ASSAULT BY THREAT OF BODILY INJURY

35. Plaintiffs re-allege and incorporate the allegations stated in Paragraphs 1-25 by reference as if fully restated herein.

36. The elements of assault by threat of bodily injury may be found in Texas Penal Code § 22.01(a)(2).

37. Doe Defendants acted intentionally and knowingly when Doe Defendants threatened Plaintiffs with imminent bodily injury via the abusive, threatening, and harassing text communications submitted to Plaintiffs on August 1, 2020.

38. Doe Defendants acted intentionally and knowingly when Doe Defendants threatened Plaintiffs with imminent bodily injury via the abusive, threatening, and harassing email correspondence via Zendesk's ticket system on August 15, 2020.

39. Doe Defendants' threats caused injury and continue to cause injury to Plaintiffs.

## COUNT THREE
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

40. Plaintiffs re-allege and incorporate the allegations stated in Paragraphs 1-25 by reference as if fully restated herein.

41. Plaintiffs had a reasonable expectation of privacy in the programs on HealthLabs.com's computers, servers, and/or data storage facilities that protect the confidential and private information of HealthLabs.com employees, including personal cellular phone numbers.

42. Doe Defendants intentionally intruded on HealthLabs.com's computers, servers, and/or data storage facilities to obtain confidential and private information of HealthLabs.com employees, including personal cellular phone numbers.

43. In light of the abusive, threatening, and harassing nature of Doe Defendants' text communications, Doe Defendants' intrusion would be highly offensive to a reasonable person. Moreover, Doe Defendants' intentional intrusion was especially offensive because Doe 1 appeared to be actively surveilling Plaintiffs and the headquarters of HealthLabs.com and, as acknowledged by the Houston Police Department, expressing a "threat to life."

44. Plaintiffs have suffered irreparable and incalculable harm and injuries resulting from Doe Defendants' intentional conduct, which harm will continue unless Doe Defendants are enjoined from further intentional intrusion of Plaintiffs' protected computers, servers, and data storage facilities, further use of Plaintiffs' confidential and private information, and further submission of abusive, threatening, and harassing text communications.

45. Doe Defendants' intentional conduct was a substantial factor in Plaintiffs' harm and injuries.

4812-7142-8304.1

**JURY DEMAND**

46.    Plaintiffs respectfully request a trial by jury on all claims so triable.

**RELIEF REQUESTED**

47.    Plaintiffs respectfully request that judgment be entered in their favor and against Doe Defendants on all counts.

48.    Plaintiffs respectfully request that the Court issue preliminary, interim, and permanent injunctive relief, enjoining and restraining Doe Defendants and their agents, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Doe Defendants, from (1) accessing Plaintiffs' computers, servers, and data storage facilities, (2) using Plaintiffs' confidential and private information, (3) submitting abusive, threatening, or harassing text communications to Plaintiffs, (4) submitting abusive, threatening, or harassing email communications to Plaintiffs. and (5) otherwise contacting or communicating with Plaintiffs.

49.    Plaintiffs respectfully request that the Court award to Plaintiffs as permitted by law and in such amounts to be proven at trial:

    a. Monetary damages, including but not limited to, actual, compensatory, and statutory damages;

    b. Punitive or exemplary damages; and

    c. Plaintiffs' reasonable costs, including reasonable attorneys' fees.

50.    Plaintiffs respectfully request such other and further relief, general or special, in law or in equity, as the Court may deem just and proper.

DATED:    October 28, 2020.

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Eileen R. Ridley*
Eileen R. Ridley
California Bar No. 151735 (admitted to practice in the Southern District of Texas, Federal ID 18910)
eridley@foley.com
Jessica Glatzer Mason
Texas Bar No. 24051001
jmason@foley.com
Shane McDonald
Texas Bar No. 24092797
smcdonald@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

**ATTORNEYS FOR PLAINTIFFS FPK SERVICES LLC D/B/A HEALTHLABS.COM, FIYYAZ PIRANI, MAHVISH LINARES, AND TRAVIS DAVIS**

4812-7142-8304.1